**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RYAN M. GREGORY, an individual, | ) |
| | ) |
| Plaintiff, | ) CASE NO: |
| | ) |
| vs. | ) **PLAINTIFF RYAN GREGORY'S** |
| | ) **COMPLAINT** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

COMES NOW, Plaintiff RYAN M. GREGORY, by and through his attorney of record, asserting claims against Defendant the United States of America, and states and alleges as follows:

**I.**

**JURISDICTION AND VENUE**

1.      Plaintiff RYAN M. GREGORY (hereinafter "Plaintiff") is a citizen of the United States and a resident of Virginia Beach, VA and served in the United States Navy at all times pertinent hereto.

2.      The Defendant is the United States of America, acting by and through the Department of the Navy, an agency of the United States Government.

3.      This is an action for judicial review of administrative denial of disability benefits that the United States Navy failed to provide Plaintiff under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereinafter "TSGLI").

4.      Plaintiff brings this action against Defendant, the United States of America, based upon a failure of the Department of Navy to pay benefits owed to Plaintiff under the TSGLI program.

5.      This Court has jurisdiction over the parties under 38 USC § 1975, as well as under the terms of the TSGLI program, as any member who receives an adverse TSGLI decision may obtain

1

judicial review in any United States District Court of proper jurisdiction.

**6.** Although not a requirement to seek relief in this Court, Plaintiff has exhausted all administrative appeals available prior to commencing this lawsuit.

**7.** Venue is proper in this District because the TSGLI Appeals Board is in Washington Navy Yard, DC.

## II.

## FACTUAL ALLEGATIONS

**8.** The Servicemembers' Group Life Insurance Traumatic Injury Protection Program, also known as TSGLI, is a rider policy to the Servicemembers' Group Life Insurance Policy "SGLI" policy that provides a payment for service members injured as the result of a traumatic event.

**9.** TSGLI coverage was added to SGLI policies effective December 1, 2005. After December 1, 2005, all service members covered by SGLI are eligible for TSGLI coverage, regardless of where their qualifying traumatic injury occurred. In addition, a retroactive program covers service members who sustained a qualifying traumatic injury while supporting Operation Enduring Freedom (OEF), Operation Iraqi Freedom (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October 7, 2001 through November 30, 2005.

**10.** Then, effective October 1, 2011, the Veterans' Benefit Improvement Act of 2010 removed the requirement that injuries during the retroactive period be incurred in Operations Enduring or Iraqi Freedom. Since this time, claims have increased, premiums paid into the policy have remained the same, and not coincidentally, systematic denials have increased.

**11.** For service members who pay into the SGLI that suffer a qualifying loss as a result of a traumatic injury event, the Defendant will pay between $25,000 and $100,000, depending on the severity of the qualifying loss.

12. The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased, however, the policyholder of the SGLI and TSGLI policies is the government, which limits the ability for bad faith action by participating service members, which further leads to a more systematic system that has an eye for denial.

13. All members covered under SGLI who experienced a traumatic event that directly results in a traumatic injury causing a scheduled loss defined under the program are eligible for TSGLI payment.

14. Losses must meet at least one TSGLI loss standard in order to be eligible or a benefit payment. There are nine categories of losses covered, which are as follows:

a) Sensory losses

b) Burns

c) Paralysis

d) Amputation

e) Limb Salvage

f) Facial Reconstruction

g) Activities of Daily Living (ADL)

h) Inpatient Hospitalization

i) Coma/TBI combined with another injury

15. Under (g) above, to qualify for benefits, a servicemember must suffer ADL losses in two of six categories – eating, bathing, dressing, toileting, continence, and transferring. Further, the assistance required has to be at least one of the following three categories: physical, standby, or verbal assistance.

**16.**     If a member submits an application for benefits, a medical professional must sign a Part B form to certify the medical information being provided. In so doing, a medical professional certifies that the applicant meets the TSGLI criteria stated above. In Plaintiffs' case, a medical professional, certified his individual claim.

**17.**     At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through his status as a servicemember of the Navy who paid into the Servicemembers' Group Life Insurance.

**18.**     Also, Plaintiff has suffered traumatic injuries that entitled him to TSGLI benefits under 38 CFR § 9.20 due to a traumatic injury that occurred on September 2, 2016, when Plaintiff suffered a severe left lower leg fracture after jumping off a trampoline. Diagnosis included severe pilon fracture of his tibia and fibula. Thereafter, on September 21, 2016, a complex surgery was performed to include ORIF of the left pilon fracture with distal fibular fracture and syndesmotic screw fixation. Plaintiff was given strict orders to remain non-weight bearing from the next three months. Plaintiff's left leg was immobilized and experienced excruciating pain with any movement for which he required narcotic pain medication. Plaintiff also complained of severe pain and neuropathy in his right thigh. As a result, Plaintiff was unable to independently bathe, dress, toilet and transfer without physical and standby assistance for a period of over 90 consecutive days.

**19.**     On or about October 6, 2016, Plaintiff submitted an application for TSGLI benefits, supported by a Part B form signed by Occupational Therapist, Kerry L. Ormond that indicated that Plaintiff met ADL loss criteria for TSGLI benefits.

**20.**     However, Plaintiff received letter denying his benefits, stating that it was determined that he did not meet the standards for compensable loss under the TSGLI Schedule of Losses.

**21.**     In follow up to the denial of benefits, on December 6, 2017, Plaintiff hired counsel who supplied additional medical records and a revised application for 90 days of ADL losses which was

4

certified by registered nurse, Terri Burns, RN, and also included an outline of the medical records and a Course of Treatment Timeline from Terri Burns, RN; a statement from Ryan Gregory; and a statement from Katie Gregory, his ADL provider. Defendant did not reconcile the supporting statements during the appeals process.

**22.** Plaintiff then received a second letter dated March 13, 2018 denying his benefits, stating "medical documentation provided does not indicate the member's loss met the TSGLI minimum standard". It was a generic denial letter without any specific reference to the facts of the claim and did not mention any supporting statements in the denial letter.

**23.** Next, on April 2, 2018, Plaintiff appealed the denial to the TSGLI Appeals Board in Washington Navy Yard, DC and requested a thorough review and a new decision. As new medical evidence, Plaintiff provided a statement from Nancy C. Olson, MSN, RN-BC supporting Plaintiff's ADL losses.

**24.** Subsequently, on May 2, 2018, Plaintiff received a third letter denying his benefits, stating "the TSGLI Appeals Board found insufficient evidence to support the EODI Gregory's claim". The TSGLI Appeals Board did not address the statements provided and did not mention the specific facts of the case. The decision letter did not adequately explain the decision and reasoning.

**25.** Next, on May 7, 2017, Plaintiff again submitted a request for reconsideration, however, again on May 23, 2018, CORB denied Plaintiff's claim with a fourth letter that did not adequately explain the decision and reasoning.

**26.** Last, on August 7, 2018, Plaintiff appealed the denial to the Board of Corrections for Naval Records (BCNR) who continued the denial in a decision letter that again did not properly address the evidence presented under the proper legal standard and ignored or disregarded most of the pertinent evidence.

**27.** The five decision letters did not state the legal standard of review that was applied to Plaintiff's claim.

**28.** The five decision letters either do not address any specific facts of the case or evidence or did so in an inadequate fashion.

**29.** Defendant has standardized its claim denial practices in a manner that is arbitrary, capricious, unsupported by its own guidelines, and contrary to law. Defendant ignored statements and other evidence that demonstrate entitlement to ADL losses for up to 90 days. Defendant's denial of Plaintiff's claim is unsupported by substantial evidence.

**30.** Defendant also stated to have denied Plaintiff's claim for TSGLI benefits because Plaintiff's medical documents do not indicate that the injury rendered Plaintiff incapable of performing ADLs pursuant to the TSGLI guidelines, which is in direct opposition to the opinions of certifying medical professionals who reviewed the same medical records. Defendant does not give any reasons as to why the certifying medical professionals' certification are not credible, nor does it supply any evidence of having based its decision on the opinion of any other medical expert.

**31.** Further, Defendant has hidden internal memorandum regarding Plaintiff's claim and the reasons for denial, and also improperly narrowed the TSGLI Procedures Guide, which is codified by law under 38 C.F.R. 9.20 and SECNAVINST 1770.4, and 38 USC § 5107(b), which is the standard applicable in this case of "substantial evidence", meaning: when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant; and as such, is not acting in accordance with the law, and furthering the improper denial of this claim.

**32.** Defendant failed to approve Plaintiff's claims for benefits even though Plaintiff meets the contractual and legal criteria.

**33.** Defendant violated its own guidelines for denying this claim by failing to provide loss codes and otherwise adequately advising Plaintiff for the reason for the denial.

**34.** Plaintiff has suffered an unwarranted denial of benefits due to him under the TSGLI program.

### III.

### CLAIMS FOR RELIEF

**35.** All allegations contained in the previous paragraphs are incorporated herein by reference.

**36.** Plaintiff herewith requests judicial review and remand to Defendant's agency regarding the denial of Plaintiff's claim for TSGLI benefits, based, inter alia, upon Defendant's:

   a. failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;

   b. failure to apply the proper legal standard in adjudication of claims;

   c. failure to advise Plaintiff of his legal rights to challenge the decision of Defendant;

   d. failure to provide memorandums that list a detailed decision of the case;

   e. failure to provide a review of the case by medical professions;

   f. failure to consider witness statements;

   g. failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

   h. addition of illegal and unauthorized criteria used in the adjudication of TSGLI claims that have led to the arbitrary and capricious decision-making listed herein.

### IV.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. a remand with direction to review to act with the direction of this court and, if appropriate, award TSGLI program benefits, which are formulaic in nature;

b. an award of interest, costs and attorney's fees as provided by statute;

c. an award of attorney's fees as provided by statute and code, including The Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and

d. such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 14, 2019

/S/
JOSHUA S. BERMAN, ESQ #997858
DROSS BERMAN, LLC
11140 Rockville Pike #500
Rockville, MD 20852
(240)403-7200 (tel)
(240)667-1673 (fax)
josh@drossberman.com
Attorney for Plaintiff RYAN GREGORY